SHINGLES & SHINGLES
EVAN S. SHINGLES, ESQ.
I.D. No. 88918
STANLEY M. SHINGLES, ESQ.
I.D. No. 15416
834 Chestnut Street, Suite 206
Philadelphia, PA  19107
(215) 625-3742
Fax: (215) 574-0699
shingleslaw@shingleslaw.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENSYLVANIA

| | |
|---|---|
| HOANH TRAN<br>2823 Sherman Ave<br>Camden, NJ 08105-4428 | CIVIL ACTION<br><br>NO. |
| KEITH GREEN<br>2115 Shallcross St.<br>Philadelphia, PA 19125 | COMPLAINT |
| ANTONIO RIVERA<br>4709 Worth St.<br>Philadelphia, PA 19124 | JURY TRIAL DEMANDED |
| Plaintiffs,<br>v. | |
| CITY OF PHILADELPHIA<br>LAW DEPARTMENT<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102<br>Defendant. | |

### INTRODUCTION

Plaintiffs, individually, bring this action seeking damages against the Defendant acting by and through its servants, employees and agents, for depriving them and conspiring to deprive them of their rights guaranteed under the United States Constitution and the Constitution of the

Commonwealth of Pennsylvania for their unlawful detention, arrest, prosecution, and imprisonment.

## JURISDICTION AND VENUE

This action is brought pursuant to 42 U.S.C.A. §§ 1983, 1985, 1986 and 1988. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343 and the aforementioned statutory provisions. Plaintiffs further invoke the pendent jurisdiction of this Court, provided by 28 U.S.D.C. § 1367, to hear and decide claims arising under state law.

Venue is appropriate in this District pursuant to 28 U.S.C. § 1392 (b) (2) because the events giving rise to Plaintiffs' claims occurred within this District.

## PARTIES

1. Plaintiffs are individual citizens of the Commonwealth of Pennsylvania.

2. Defendant, City of Philadelphia (hereinafter "City") is a government entity and/or political subdivision of the Commonwealth of Pennsylvania organized and existing under and by virtue of laws of the Commonwealth of Pennsylvania which maintains, operates, manages and controls the Police Department of the City which acted by and through its agents, servants and/or employees and has its offices at City Hall, Philadelphia, Pennsylvania.

## GENERAL ALLEGATIONS

3. At all times material hereto, the Defendant acted by and through its agents, servants and/or employees, their police officers Perry Betts (badge number 6761), Thomas Liciardello (badge number 4383), Linwood Norman (badge number 5214), John Speiser (badge number 7169), Michael Spicer (badge number 5180), Brian Reynolds (badge number 4268), and Jeffrey Walker (badge number 3730), who at all times relevant hereto purported to act and/or

did act under color of state law, within the course of their duties and scope of their employment as the agents, servants and/or employees of Defendant City and its Police Department pursuant to either official policy, custom or practice of the Philadelphia Police Department and/or the City.

4. At all times material hereto, Defendant acted either negligently, intentionally, maliciously, and/or wantonly under color of state law and authority, and/or color of office, and in reckless, intentional or callous disregard of or indifference to the rights secured to the plaintiffs by federal and state laws and rules, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and Article I. §§ 1, 8, 9, and 26 of the Constitution of the Commonwealth of Pennsylvania.

5. At all times material hereto, the City acted by and through its aforementioned agents, servants, employees, and/or policy makers who acted in accordance with and pursuant to governmental customs, patterns, and policies, which included the failure to take disciplinary and remedial action against officers despite repeated documented records of misconduct and multiple reported abuses of authority, and committed constitutionally offensive acts, including but not limited to the filing of false and baseless criminal charges against law abiding citizens, and the giving of false and perjurious testimony in judicial proceedings, which customs, patterns and policies were known or in the exercise of reasonable care should have been known by the Defendant City to have existed for a substantial period of time.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

6. On various dates from 2006 up to and including 2014, Plaintiffs, individually, were confronted by one or several of the aforementioned agents, servants and/or employees of the Defendant, who were then on duty as plainclothes police officers in the City.

3

7. On those occasions the aforementioned agents, servants, and/or employees involved were neither possessed of facts sufficient to establish probable cause to search and/or arrest Plaintiffs, nor to conclude that they were engaged in unusual conduct that would lead a police officer to reasonably conclude that criminal activity was afoot and that the plaintiffs were armed and dangerous. Nonetheless, the aforementioned individual agents, servants and/or employees involved, detained Plaintiffs, questioned, searched and/or in some instances physically assaulted them.

8. Thereafter, the aforementioned agents, servants and/or employees involved illegally arrested the plaintiffs and placed them in custody despite the fact that at all times prior thereto those aforementioned agents, servants and/or employees involved had no legal justification or probable cause to stop, detain and/or arrest Plaintiffs.

9. Notwithstanding the foregoing, the aforementioned involved agents, servants and/or employees, with the acquiescence of their superiors, supervisors, and fellow officers, filed police reports reciting facts that were contrived, manufactured and untrue.

10. The false statements manufactured by the aforementioned agents, servants and/or employees involved constituted the entirety of the evidence which was presented to the District Attorney of Philadelphia to obtain Bills of Information formally charging Plaintiffs with drug offenses and/or was the basis for fabricated testimony given before Courts of Philadelphia County to support the criminal charges.

11. By reason of the aforementioned unlawful detentions and/or arrests, the subsequent unlawfully obtained Bills of Information, and/or the perjurious testimony of the aforementioned agents, servants and/or employees involved, Plaintiffs were subjected to

4

prosecution and/or incarceration which resulted in the deprivation of their liberty and freedom, and in some cases their property.

### I. Hoanh Tran v. Defendants

### COUNT I
### CIVIL RIGHTS VIOLATIONS

12. The averments of Paragraphs 1 through 11, inclusive, of this Complaint are incorporated herein by reference as if they were set forth *in extenso*.

13. Defendant City failed to exercise due care in the selection, appointment, training, retraining, supervision, discipline and control of its police officer agents, servants and/or employees, and policy makers which included the failure to take disciplinary and remedial action against officers despite repeated documented instances of misconduct and multiple reported abuses of authority.

14. As a direct and proximate result of the foregoing active and/or passive conduct the aforementioned agents, servants, employees, and/or policy makers involved, by their unlawful conduct, individually and/or in concert, acted either negligently, knowingly, intentionally, willfully and/or maliciously, or with reckless and callous disregard of, or deliberate indifference to the rights, privileges and immunities secured for Plaintiff by the Constitution of the United States of America, and Amendments thereto, including, without limitation, the Fourth, Fifth and Fourteenth Amendments, and by Article I, §§ 1, 8, 9, and 26 the Constitution of the Pennsylvania, attempted to, and did deprive them of same in violation of 42 U.S.C. §§1983 and 1985.

15. As a direct and proximate result of the unlawful acts of the aforementioned agents, servants, employees involved, as described in the foregoing paragraphs of this Complaint, Plaintiff has suffered in the past, and will continue to suffer in the future, *inter alia*, excruciating and agonizing mental anguish, humiliation, embarrassment, as well as limitation and restriction of his usual activities, pursuits and pleasures.

16. As a further direct and proximate result of the unlawful and improper conduct of the aforementioned agents, servants, employees and/or policy makers involved as described in the foregoing paragraphs of this Complaint, Plaintiff was prosecuted and/or incarcerated and suffered the loss of their liberty and property.

17. Defendant City, through its agents, servants, employees and/or policy makers deprived Plaintiff of their rights, privileges and immunities under the Constitution of the United States and the Constitution of the Commonwealth of Pennsylvania in violation of 42 U.S.C. §§1983 and 1985.

WHEREFORE, Plaintiff demands judgment against the defendant, for compensatory, exemplary, and punitive damages and that Defendant be required to pay costs, interest, delay damages, and reasonable attorney's fees pursuant to 42 U.S.C. §1988 and the laws of the Commonwealth of Pennsylvania.

## COUNT II
## UNLAWFUL RESTRAINT

18. The averments of Paragraphs 1 through 17, inclusive, of this Complaint, to the extent they are relevant herein, are incorporated by reference as if they were set forth *in extenso*.

19. The aforesaid acts constituted an unlawful restraint on the liberty of the person of the plaintiff without proper legal process, and without authority.

6

WHEREFORE, Plaintiff demands judgment against the Defendant for compensatory, exemplary, and punitive damages and that Defendant be required to pay costs, interest, delay damages, and reasonable attorney's fees pursuant to 42 U.S.C. §1988 and the laws of the Commonwealth of Pennsylvania.

## COUNT III
## MALICIOUS ABUSE OF PROCESS OF LAW

20. The averments of Paragraphs 1 through 19, inclusive, of this Complaint, to the extent they are relevant herein, are incorporated by reference as if they were set forth *in extenso*.

21. The aforesaid acts of the aforementioned agents, servants, employees and/or policy makers involved constituted an improper use of process employed for an unlawful purpose, to wit, the wrongful arrest, detention, prosecution and incarceration of Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendant for compensatory, exemplary, and punitive damages and that Defendants be required to pay costs, interest, delay damages, and reasonable attorney's fees pursuant to 42 U.S.C. §1988 and the laws of the Commonwealth of Pennsylvania.

## COUNT IV
## MALICIOUS PROSECUTION

22. The averments of Paragraphs 1 through 21, inclusive, of this Complaint, to the extent they are relevant herein, are incorporated by reference as if they were set forth *in extenso*.

23. The aforesaid acts on the part of the aforementioned agents, servants and/or employees were performed maliciously and without reasonable or probable cause and the criminal prosecution of the plaintiff was malicious and without justification.

WHEREFORE, Plaintiff demands judgment against the Defendant for compensatory, exemplary, and punitive damages and that Defendant be required to pay costs, interest, delay damages, and reasonable attorney's fees pursuant to 42 U.S.C. §1988 and the laws of the Commonwealth of Pennsylvania.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

24. The averments of Paragraphs 1 through 23, inclusive, of this Complaint, to the extent they are relevant herein, are incorporated by reference as if they were set forth *in extenso*.

25. The aforesaid conduct of the Defendant acting by and through its aforementioned agents, servants, employees and/or policy makers was performed intentionally, recklessly and/or wantonly so as to cause severe and continuing emotional distress to the plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendant for compensatory, exemplary, and punitive damages and that Defendant be required to pay costs, interest, delay damages, and reasonable attorney's fees pursuant to 42 U.S.C. §1988 and laws of the Commonwealth of Pennsylvania.

## COUNT VI
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

26. The averments of Paragraphs 1 through 25 inclusive of this Complaint, to the extent they are relevant herein, are incorporated by reference as if they were set forth *in extenso*.

27. The aforesaid conduct of the Defendant acting by and through its aforementioned agents, servants, employees and/or policy makers was performed carelessly so as to result in the negligent infliction of emotional distress.

WHEREFORE, Plaintiff demands judgment against the Defendant for compensatory, exemplary, and punitive damages and that Defendant be required to pay costs, interest, delay damages, and reasonable attorney's fees pursuant to 42 U.S.C. §1988 and the laws of the Commonwealth of Pennsylvania.

## COUNT VII
## ASSULT AND BATTERY

28. The averments of Paragraphs 1 through 27, inclusive, of this Complaint, to the extent they are relevant herein, are incorporated by reference as if they were set forth *in extenso*.

29. The aforesaid act of physically assaulting Plaintiff caused and was intended to cause a harmful and offensive contact with the person of the plaintiff.

30. The aforesaid act of physically assaulting Plaintiff caused and was intended to cause Plaintiff to suffer an apprehension of immediate harmful and offensive contact.

31. As a direct and proximate result of the aforementioned conduct, Plaintiff suffered physical injuries and suffered and continues to suffer, *inter alia*, severe emotional distress, humiliation, mental pain and anguish and damage to their personal reputation.

WHEREFORE, Plaintiff demands judgment against the Defendant for compensatory, exemplary, and punitive damages and that Defendant be required to pay costs, interest, delay damages, and reasonable attorney's fees pursuant to 42 U.S.C. §1988 and laws of the Commonwealth of Pennsylvania.

## COUNT VIII
## CONSPIRACY

32. The averments of Paragraphs 1 through 31, inclusive, of this Complaint, to the extent they are relevant herein, are incorporated by reference as if they were set forth *in extenso*.

33. The aforesaid acts were performed by Defendant's aforementioned agents, servants and/or employees, while acting under color of law and/or under color of office and in the performance of their official duties, pursuant to an agreement between and among them entered into prior to 2006 and continuing thereafter, to deprive individual citizens, including the plaintiff, of the rights, privileges and immunities guaranteed by the Constitutions and laws of the United States and the Commonwealth of Pennsylvania, including but not limited to the right to be free from detention and seizure and the right to be free from loss of liberty and property without due process of law.

34. In furtherance of the conspiracy, and while acting under color of law and in the performance of their official duties, the aforementioned agents, servants and/or employees involved illegally accosted citizens on the streets of Philadelphia, Pennsylvania and conducted searches of their homes without warrants or with constitutionally infirm warrants and on the streets of Philadelphia, Pennsylvania. Furthermore, they falsely accused citizens of criminal conduct and/or of possessing contraband which they either already had in their possession or subsequently obtained, thereafter filing false police reports, which along with the physical evidence, was presented to the District Attorney of Philadelphia and/or to the Courts of Philadelphia County for the purpose of prosecuting, and in most instances, inducing guilty pleas or securing convictions resulting in the incarceration of innocent individuals.

35. The acts of Defendant's aforementioned agents, servants and/or employees were intended to defame Plaintiff, injure their reputation and deprive them of their freedom and such intent continued throughout the prosecution of these matters and thereafter.

36. Plaintiff pleads, in the alternative, that the aforementioned agents, servants, employees and/or policy makers involved acted negligently, recklessly and/or wantonly in the detention, custody and prosecution of Plaintiff so as to cause him to suffer the aforesaid injuries and damages.

WHEREFORE, Plaintiff demands judgment against the Defendant for compensatory, exemplary, and punitive damages and that Defendant be required to pay costs, interest, delay damages, and reasonable attorney's fees pursuant to 42 U.S.C. §1988 and the laws of the Commonwealth of Pennsylvania.

## COUNT IX
## PUNITIVE DAMAGES

37. The averments of Paragraphs 1 through 36, inclusive, of this Complaint, to the extent they are relevant herein, are incorporated by reference as if they were set forth *in extenso*.

38. The Defendant's willful, intentional, reckless or callous disregard of, or indifference to, the rights of Plaintiff as set forth in the preceding paragraphs of this Complaint, was conduct so outrageous and/or malicious, as to warrant assessment of punitive damages in such an amount as would act as a deterrent to Defendant and others from the future commission of like offenses and wrongs.

WHEREFORE, Plaintiff demands judgment against Defendant, for exemplary or punitive damages plus interest and costs of suit and other damages deemed recoverable by this Court.

## II. Keith Green v. Defendant

39. The averments of Paragraphs 1 through 38, inclusive, of this Complaint, to the extent they are relevant herein, are incorporated by reference as if they were set forth *in extenso*.

WHEREFORE, Plaintiff demands judgment against the Defendant for compensatory, exemplary, and punitive damages where applicable and that Defendant be required to pay costs, interest, delay damages, and reasonable attorney's fees pursuant to 42 U.S.C. §1988 and the laws of the Commonwealth of Pennsylvania.

## III. Antonio Rivera v. Defendant

40. The averments of Paragraphs 1 through 38, inclusive, of this Complaint, to the extent they are relevant herein, are incorporated by reference as if they were set forth *in extenso*.

WHEREFORE, Plaintiff demands judgment against the Defendant for compensatory, exemplary, and punitive damages where applicable and that Defendant be required to pay costs, interest, delay damages, and reasonable attorney's fees pursuant to 42 U.S.C. §1988 and the laws of the Commonwealth of Pennsylvania.

Dated:

_____
SHINGLES & SHINGLES
Attorney for Plaintiffs